IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DONNA WHITNEY and DESTRY WHITNEY, individually and as parents and heirs of DILLON WHITNEY deceased,<br>　　　　　　　　Plaintiffs,<br>vs.<br>DEPARTMENT OF JUVENILE JUSTICE SERVICES, a subdivision of the State of Utah; STATE OF UTAH; QUEST YOUTH SERVICES, LLC, a Utah corporation; KYLE LANCASTER, DAN MALDONADO, JASON KAUFUSI; HENRY KAUFUSI; and DOES 1-10,<br>　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:09CV30 DAK |

　　　　This matter is before the court on (1) Plaintiff Donna Whitney's ("Plaintiff") Motion to Seal Documents and (2) Defendants' Motion for Leave to Amend Answer.  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).  The court has carefully considered the memoranda and other materials submitted by the parties.  Now being fully advised, the court renders the following Order.

**MOTION TO SEAL DOCUMENTS**

　　　　Plaintiff seeks to have the Motion to Set Aside Judgment Against Quest and all

subsequent memoranda sealed.  She also seeks to have all future documents that reference allegations of drug use by Plaintiff to be sealed and for any hearings that might reference these allegations be held in chambers to protect her privacy.  The court declines to seal documents referring to or containing such information

"A motion to seal documents implicates the 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Hartford Casualty Insurance Co. v. American Dairy and Food Consult. Labs., Inc.,* 23010 WL 2572858 (E.D. Cal. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)).  Courts have recognized that once a plaintiff has asked a public court to resolve a dispute "it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.,* 960 F.2d 1013, 1016 (11th Cir. 1992); *Couch v. Board of Trustees of the Mem. Hosp. Of Carbon Co.,* 587 F.3d 1223, 1245 n.25 (10th Cir. 2009) ("The court's business is public business and, therefore, we DENY the parties' motions to seal both the record on appeal and their briefs.").

In this case, Plaintiff has not shown any particular harm that would result from the public having access to the fact that she has a past history of drug use, including multiple convictions for drug use that are already a matter of public record.  This information is at least somewhat relevant in this case, given that Mrs. Whitney has publicly filed a lawsuit seeking significant damages from Quest and the State of Utah on the theory that they are liable for her son's death.  Because Plaintiff has failed to show good cause as to why all documents filed with the court that refer to her drug use should be sealed, and because the public has a right to access court documents, Plaintiff's request to seal documents is denied.

### MOTION FOR LEAVE TO AMEND ANSWER

Defendants State of Utah, the Utah Department of Human Services, and its Division of

Juvenile Justice Services ("the State") have moved for leave to amend its answer to add defenses under the Governmental Immunity Act of Utah and to add comparative fault and contributory negligence defenses. Plaintiff argues that the proposed amendments are untimely and prejudicial.

While the court recognizes that leave to amend should be "freely granted," the court agrees with Plaintiff that the motion is untimely and would unduly prejudice Plaintiff.

Defendants have had sufficient time to add any applicable defenses under the Governmental Immunity Act. Defendants removed this action on January 15, 2009. The parties' Scheduling Order required all motions to amend the pleadings were due no later than May 30, 2009. On May 22, 2009, Plaintiff timely filed a motion for leave to amend her Complaint, and, on November 25, 2009, the court permitted her to do so.[1] The Amended Complaint was filed on December 9, 2009.[2] The Defendants filed their Answer to the Amended Complaint on December 28, 2009,[3] thus providing them with another opportunity to include any applicable immunity defenses.

On January 15, 2010, the parties requested an Amended Scheduling Order, but they did not seek to extend the already lapsed date for filing amended pleadings,[4] and the court granted the motion.[5] On May 24, 2010, the parties filed a Motion to Stay Discovery until after the Tenth

---

[1] Docket No. 80.

[2] Docket No. 82.

[3] Docket No. 86.

[4] Docket No. 92.

[5] Docket No. 93.

Circuit rules on the pending issue on appeal, and the court granted the motion on June 1, 2010.[6] Not until March 29, 2011–almost two years after the deadline for filing motions for leave to amend the pleadings–did Defendants file the instant motion.

The court has already heard and denied a motion to dismiss based on Defendant's originally asserted immunity defense, and a Notice of Appeal of that decision was filed on December 15, 2009. To allow new immunity defenses to be asserted at this late date would unduly prejudice Plaintiff who has now been litigating this action for almost three years. To allow such an amendment could potentially cause additional significant delays, and it is a waste of judicial resources, as such defenses could have been addressed in conjunction with the previous motion to dismiss.

Accordingly, due to the untimely nature of the request and the prejudice it would cause Plaintiff, the court denies Defendant's motion.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that (1) Plaintiffs' Motion to Seal Documents [Docket # 114] is DENIED, and Defendants' Motion for Leave to Amend Answer [Docket No. 129] is also DENIED.

DATED this 28th day of September, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[6] Docket No. 104.

4